

# The Attorney General of Texas

September 19, 1983

**JIM MATTOX**
Attorney General

Supreme Court Building
P. O. Box 12548
Austin, TX. 78711- 2548
512/475-2501
Telex 910/874-1367
Telecopier 512/475-0266

714 Jackson, Suite 700
Dallas, TX. 75202-4506
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905-2793
915/533-3484

1001 Texas, Suite 700
uston, TX. 77002-3111
, 13/223-5886

806 Broadway, Suite 312
Lubbock, TX. 79401-3479
806/747-5238

4309 N. Tenth, Suite B
McAllen, TX. 78501-1685
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205-2797
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Honorable Reynaldo S. Cantu, Jr.
Criminal District Attorney
Cameron County
Hall of Justice
974 E. Harrison Street
Brownsville, Texas    78520

Opinion No.    JM-70

Re:    County    budget    for
prosecuting attorney's fees

Dear Mr. Cantu:

You have requested our opinion regarding the manner in which the commissioners court may prepare, adopt and amend the budget for the county's prosecuting office. You first ask whether the commissioners court may dictate or control the manner in which the state funds provided for in the Professional Prosecutors Act, article 332b-4, V.T.C.S., are used. This statute provides for state supplementation of salaries and expenses of a district attorney's office. Section 4 provides:

> Each district attorney governed by this Act shall receive not less than $22,500 from the state to be used by the district attorney to help defray the salaries and expenses of the office but not to be used to supplement the district attorney's salary. Each district attorney shall submit annually a sworn account to the comptroller of public accounts showing how this money was spent during the year.

Section 3 of the statute permits a commissioners court to provide a county supplement to the district attorney's state salary. Section 6 of the statute provides that

> [i]t is the purpose of this Act to increase funds available for use in prosecution. The commissioners court in each county that has a district attorney governed by this Act shall provide the funds necessary to effectuate the purpose of this Act and shall continue to provide funds for the office of district attorney in an amount that is equal to or greater than the amount of funds provided for the office by the county on the effective date of this Act (August 27, 1979). This provision does not apply to local

> supplementation to the salary of the district
> attorney.

In our opinion the funds received by a district attorney pursuant to the Professional Prosecutors Act may be used in his sole discretion for the purposes authorized under the statute and are not subject to control by the commissioners court. Section 4 of article 332b-4 states that the state funds are payable to the district attorney and are to be used by the district attorney. See Acts 1981, 67th Leg., Appropriations Act, Judiciary Section - Comptroller's Department, §9 ("payments shall be made directly to district attorney").

You have further asked whether the commissioners court in the adoption of the county budget may reflect a suggested use for the state funds received by a prosecutor pursuant to article 332b-4. It is our opinion that the budgetary statutes permit the commissioners court to determine the use of county funds only. It may show the availability of state funds appropriated to local officials to be used in their discretion, but may not purport to determine their use, or include those amounts in the total budget. See V.T.C.S. art. 689a-9 (budget to cover all proposed expenditures of the county government).

You have also asked whether the commissioners court is required to provide county funds for postage, telephone and other expenses of the district attorney's office which the commissioners court indicates in the county budget will be paid for with state funds. With the exception of the county's supplementation of the district attorney's salary, the county is required to appropriate county funds necessary to operate the prosecutor's office in an amount not less than budgeted by the county on the effective date of the statute, August 27, 1979. See V.T.C.S. art. 332b-4. See also V.T.C.S. art. 332a, §7, V.T.C.S.

You have also asked whether the budget for Cameron County, relevant portions of which you have furnished us, complies in form to the requirements of the county budget statutes. The budgetary items for the prosecutor's office in Cameron County are provided for either under a general heading which groups various county offices under a single title. For example, under "stationery and forms" is listed the various county departments including the district attorney with a dollar amount appropriated to each department for such use. Other line item expenses of the district attorney's office are budgeted separately from the group listings. It is our opinion that this form of a county budget is permissible. The budget statutes only require that a county budget be prepared

> so as to make as clear a comparison as practicable
> between expenditures included in the proposed
> budget and actual expenditures for the same or
> similar purposes for the preceding year. The
> budget must also be prepared so as to show as
> definitely as possible each of the various

> projects for which appropriations are set up in the budget, and the estimated amount of money carried in the budget for each of such projects.

V.T.C.S. art. 689a-9.  The statutes do not require that all of the budgetary items for the prosecutor's office be listed together.

In your final question you ask whether a department head has any control over county budget amendments which result in a depletion of his budget.  The discretion with regard to the use and allocation of county funds is vested in the commissioners court.  V.T.C.S. art. 689a-11.  Amendments and changes in the county budget for a particular department may be made by the commissioners court in its discretion and independent of a department head so long as the provisions for budget amendments and changes are adhered to.  See V.T.C.S. art. 689a-11 (amendments to original budgets authorized by emergencies); art. 689a-20 (commissioners court may make changes in county budget).

### S U M M A R Y

> Funds received by prosecuting attorney under the Professional Prosecutors Act are not subject to control or appropriating by the commissioners court.

Very truly yours

JIM   MATTOX
Attorney General of Texas

TOM GREEN
First Assistant Attorney General

DAVID R. RICHARDS
Executive Assistant Attorney General

Prepared by David Brooks
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Rick Gilpin, Chairman
Jon Bible
Colin Carl
Jim Moellinger
Nancy Sutton